UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NATIONAL AMERICAN INSURANCE
COMPANY, as Subrogee of West Side Salvage, Inc.
and for Adam Nanez, Individually,

Plaintiff,

v.

CONAGRA FOODS, INC.,

Defendant.

Case No. 12-cv-326-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant ConAgra Foods, Inc.'s ("ConAgra")

motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to

strike pursuant to Federal Rule of Civil Procedure 12(f), Count V for punitive damages (Doc. 20).

Plaintiff National American Insurance Company ("NIACO") has responded to the motion (Doc.

44).

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations

in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)).   To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a

complaint must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2).   This requirement is satisfied if the complaint (1)

describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the

grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a

speculative level.  *Bell Atl.*, 550 U.S. at 555;   *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

*EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).   "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."   *Iqbal*,   556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

As for a motion to strike, under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   Motions to strike, however, are generally disfavored because they are often employed for the sole purpose of causing delay.   *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).   For this reason, this Court and others have held that a party must show prejudice to succeed on a motion to strike. *See, e.g., Smith v. Southern Illinois Riverboat/Casino Cruises Inc.*, No. 06-cv-4069, 2006 WL 2539756, at *1 (S.D. Ill. Aug. 30, 2006);   *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992).   The burden on a motion to strike is upon the moving party.   *See Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028 (N.D. Ill. 1998).

In the complaint, NAICO alleges that on April 27, 2010, Adam Nanez, an employee of its insured, West Side Salvage, Inc. ("West Side"), was seriously injured in an explosion in the course of his employment cleaning a ConAgra gain bin elevator.   NAICO brings this suit in its capacity as subrogee of West Side and for Nanez.   It believes ConAgra was negligent in a variety of ways. In Count V, NAICO pleads that ConAgra's behavior was willful and wanton and therefore entitles NAICO to punitive damages.

ConAgra argues that NAICO has not pled sufficient facts to support a claim for punitive damages for willful and wanton conduct.   It also faults NAICO for not seeking leave to add a claim for punitive damages and for pleading such a claim before discovery has occurred.

NAICO argues that it need not wait for discovery since that discovery was already

2

accomplished in another case (*Becker v. ConAgra*, 10-cv-952-MJR-PMF) about the same grain bin elevator explosion which yielded a punitive damage jury verdict of $100,000,000.   It notes that the *Becker* court allowed amendment of the pleadings to add a punitive damages claim like that pled in this case.

There is no merit to ConAgra's argument that NAICO needed to complete discovery or ask for permission to plead a punitive damages claim.   No federal rule has any such requirement, and federal procedural rules govern this case.

As for the substance of the NAICO's pleading, the Court has reviewed the complaint carefully and finds sufficient facts alleged to support a cause of action for punitive damages. Under Illinois law, a plaintiff seeking punitive damages for willful and wanton behavior must show the defendant had a deliberate intention to harm or utter indifference to or conscious disregard for the plaintiff's welfare.  *Adkins v. Sarah Bush Lincoln Health Ctr.,* 544 N.E.2d 733, 743 (Ill. 1989);  *see Poole v. City of Rolling Meadows,* 656 N.E.2d 768, 771 (Ill. 1995).   "Ill will is not a necessary element of a wanton act   To constitute an act wanton, the party doing the act or failing to act must be conscious of his conduct, and, though having no intent to injure, must be conscious, from his knowledge of the surrounding circumstances and existing conditions, that his conduct will naturally and probably result in injury."  *Bartolucci v. Falleti,* 46 N.E.2d 980, 983 (Ill. 1943).

NAICO's complaint, at a minimum, pleads facts plausibly suggesting conscious disregard for Nanez's safety.   For example, NAICO alleges ConAgra allowed wheat middlings to smolder in the bin without monitoring or removing them, failed to implement safety measures for foreseeable hazards like an explosions, failed to put out a fire it knew about in a grain bin and

failed to evacuate individuals when they knew of a danger of explosion.   If true, a reasonable jury could conclude from these facts that ConAgra consciously disregarded Nanez's safety. Thus, dismissal under Rule 12(b)(6) is not warranted.

ConAgra has also failed to show Count V contains "redundant, immaterial, impertinent, or scandalous matter," so striking under Rule 12(f) is also not warranted.

For the foregoing reasons, the Court **DENIES** ConAgra's motion in its entirety (Doc. 20).

**IT IS SO ORDERED.**
**DATED: February 4, 2013**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

4