UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONAL AMERICAN INSURANCE COMPANY, as Subrogee of West Side Salvage, Inc. and for Adam Nanez, Individually,<br><br>    Plaintiff,<br><br>    v.<br><br>CONAGRA FOODS, INC.,<br><br>    Defendant/Third-Party Plaintiff,<br><br>    v.<br><br>A&J BIN CLEANING, LLC, and WEST SIDE SALVAGE, INC.,<br><br>    Third-Party Defendants. | Case No. 12-cv-326-JPG-PMF |

**MEMORANDUM AND
ORDER TO SHOW CAUSE**

This matter comes before the Court on the motion for summary judgment filed by third-party defendant West Side Salvage, Inc. ("West Side") (Doc. 50). Defendant/third-party plaintiff ConAgra Foods, Inc. ("ConAgra") has responded to the motion (Doc. 51).

This case arose after Adam Nanez, an employee of West Side, was seriously injured in an April 27, 2010, explosion in the course of his employment cleaning a ConAgra grain bin elevator. NAICO, West Side's workers' compensation insurer, brings this suit in its capacity as subrogee of West Side and for Nanez. It believes ConAgra was negligent in a variety of ways. ConAgra has, in turned, filed a third party complaint seeking indemnity from West Side (Third-Party Count I) and contribution from A&J and West Side (Third-Party Count II).

In the pending motion, West Side asks the Court to grant summary judgment on

Third-Party Count II, the contribution claim, on the grounds that Iowa law governs the workers' compensation issues relating to the contribution issues in this case and does not allow contribution from an employer subject to workers' compensation liability or, alternatively, if Illinois law governs, that West Side is subject to a liability cap in the amount of its workers' compensation liability pursuant to *Kotecki v. Cyclops Welding Corp.*, 585 N.E.2d 1023 (Ill. 1992).

The Honorable Michael J. Reagan had an occasion to decide these very issues between these very parties in a related case involving several coworkers of Nanez who were injured by the very same grain bin explosion, *Jentz v. ConAgra Foods, Inc.*, No. 10-cv-474-MJR-PMF. That case was tried to a jury in the summer of 2012 and is now on appeal. In *Jentz*, Judge Reagan decided that Illinois law governed workers' compensation issues relating to the issue of contribution by West Side, *see Jentz v. ConAgra Foods, Inc.*, No. 10-cv-474-MJR-PMF, 2012 WL 3230447, at *3-4 (S.D. Aug. 6, 2012), and that West Side was entitled to the liability cap provided by *Kotecki*, *id.* at *4-6.

In the case at bar, the Court is hesitant to give the parties an opportunity to reargue theories already advanced in *Jentz* or to make new arguments that they should have raised before Judge Reagan in the first instance. The doctrine of issue preclusion, also called collateral estoppel, allows the Court to prevent the parties from doing this. For the doctrine to apply, four factors must be present:

> (1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action.

*Matrix IV, Inc. v. American Nat'l Bank & Trust Co. of Chi.*, 649 F.3d 539, (7th Cir. 2011) (internal quotations omitted).

It appears that all these requirements have been met as to the issues raised in West Side's motion for summary judgment. However, before relying on the doctrine to dispose of the pending motion, the Court will give the parties an opportunity to be heard on the issue. Accordingly, the Court **ORDERS** that on or before May 10, 2013, West Side shall **SHOW CAUSE** why the Court should not apply issue preclusion to the choice of law issue, and ConAgra shall **SHOW CAUSE** why the Court should not apply issue preclusion to the *Kotecki* liability cap issue. Within fourteen days, each party may reply to the opposing party's response. No brief shall exceed ten pages. The failure to respond in a timely manner to this order to show cause will be construed as an admission that issue preclusion governs the disposition of West Side's motion. The Court **RESERVES RULING** on the motion for summary judgment (Doc. 50) pending this further briefing.

**IT IS SO ORDERED.**
**DATED: April 24, 2013**

                                            s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**